IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID J. EASTERLING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0963-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David J. Easterling seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including knee problems, chronic pain, and injuries sustained when he was run over by a dump truck on July 26, 2004. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. Two hearings were held in this case. The first hearing resulted in a decision denying disability and SSI benefits. After plaintiff challenged that decision on judicial review, the Commissioner agreed to remand the case for further administrative proceedings. *See Easterling v. Astrue*, No. 3-07-CV-0659-B (N.D. Tex. Nov. 8, 2007). A supplemental hearing was held on March 10, 2009. At the time of the hearing, plaintiff was 43 years old. He has a high school equivalency diploma with past work

experience as a roofer. Plaintiff has not engaged in substantial gainful activity since his accident on July 26, 2004.

At the conclusion of the supplemental hearing, the ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from status post left hip/pelvis fracture with residual pain, a ligament tear in his left knee with pain, and depression, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a cashier II, a ticket seller, and a merchandise marker -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the finding that he can perform other work in the national economy was based on an improper hypothetical question to the vocational expert; and (2) the assessment of his residual functional capacity is not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The ALJ found that plaintiff has the residual functional capacity to perform a significant range of light work, including the jobs of cashier II, ticket seller, and merchandise marker. (*See* Tr. at 3P-3T, 3U). In making that finding, the ALJ expressly relied on the testimony of Suzette Skinner, a vocational expert. (*Id.* at 3U). According to plaintiff, Skinner based her testimony on a defective hypothetical question that did not include a sit/stand option -- a limitation that was specifically recognized by the ALJ in the hearing decision. (*See id.* at 3P).

A hypothetical question to a vocational expert cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or his representative is afforded the opportunity to correct deficiencies in the question. *See Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Where an ALJ finds that a claimant is not disabled based on answers to a defective hypothetical, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *See Bridges v. Comm'r of Social Sec. Admin.*, 278 F.Supp.2d 797, 807 (N.D. Tex. 2003).

At the administrative hearing, the ALJ asked Skinner if there were jobs that could be performed by a younger individual with a high school education who was limited to unskilled work at the light exertional level with the following restrictions: (1) sitting no more than four hours out of an eight-hour day; (2) occasional postural limitations; (3) no crouching; (4) no climbing of ropes, ladders, or scaffolds; (5) no work at heights, around hazards, or around heavy industrial vibration; and (6) no complex work. (*See* Tr. at 580-81). Skinner testified that such a person could work as a cashier II, a ticket seller, and a merchandise marker. (*Id.* at 582). Based on this testimony, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national

economy. (*Id.* at 3U). However, the hypothetical question posed to the vocational expert did not incorporate an additional functional limitation found by the ALJ -- a job that allowed plaintiff to sit/stand once per hour. (*See id.* at 3P). As a result, the hypothetical was defective. *See Boyd*, 239 F.3d at 707 (disability determination is not supported by substantial evidence if hypothetical to vocational expert does not incorporate all functional limitations found by the ALJ); *Field v. Astrue*, No. 7-10-CV-0052-BD, 2011 WL 2469587 at *3 (N.D.Tex. Jun. 21, 2011) (same).

While conceding that the hypothetical did not include a sit/stand option, the Commissioner argues that the vocational expert was aware of the requirement, which was taken from the testimony of a medical expert, and that the ALJ clearly intended to incorporate the sit/stand option into the hypothetical. (*See* Def. MSJ Br. at 10). The court disagrees. At the hearing, Dr. O.D. Raulston, an orthopedic surgeon, testified as follows:

> Well, I think he would probably fall into the sedentary level because of the standing and walking which, and I'm sorry, of sitting four hours a day. That would probably be light. Yes. I have him lifting 20 pounds occasionally and 10 frequently. . . . *And standing and walking six, and sitting four with a change of positions every thirty to forty-five minutes, as needed.* Well, then the postural activities of climbing, crawling, balancing, kneeling, and stooping, and almost all of them are occasional. Crouching I would say never. I found no limits regarding the upper extremities. Environmentally, no hazardous type duty such as unprotected heights, ropes, scaffolding, and so forth, or heavy industrial vibration probably would aggravate the left hip with occasional use of the left lower extremity in operating foot controls, and occasionally operating a vehicle. Now that pretty well completes my summary.

(Tr. at 571) (emphasis added). Dr. Al Smith, a psychologist, then testified that plaintiff's mental impairments limited him only with respect to his ability to complete complex tasks. (*See id.* at 578). After the two medical experts testified, the ALJ asked the vocational expert:

> Q. [BY ALJ]: So let's take a look at the step five analysis. I want you to consider a younger individual with a high school education, or

> equivalency thereto. *Did you take note of the limitations suggested by the orthopedic physician?*
>
> A. [BY VE]: *I did not get all of them down.*
>
> Q. All right. And let me – he gave a somewhat partial or restricted range of light. Okay. And specifically it is his opinion that lifting was at 20/10, and standing and walking was six of eight, and the more limitation is to sit. He said he could only sit four of eight. He does have occasional postural limitations. No ropes, ladders, or scaffolds. I'm interpreting that from the doctor's preclusion of him working at heights which is what I found last time. Let's see. He can't crouch, and should avoid working at hazards, and heavy industrial vibration. Okay. And then we were adding to that a preclusion from performing complex work insofar as that goes into the mix, according to Dr. Smith's testimony. So what I would like you to take a look at is the unskilled occupational base at the light level, and indicate for me to what extent that base is eroded, if any, or if completely, and we will go from there. Okay?

(*Id.* at 580-81) (emphasis added). Contrary to the Commissioner's assertion, the record does not demonstrate that the vocational expert was aware of the particular limitations suggested by Dr. Raulston, including the need to sit/stand once per hour. Rather, it is clear that the vocational expert relied on the ALJ to summarize the relevant limitations, and that the judge's summary omitted the need for a sit/stand option. Because the vocational expert was not asked about jobs that required permission to sit/stand once per hour, the hypothetical was defective.

The Commissioner also argues that any error by the ALJ was harmless because the jobs identified by the vocational expert would afford plaintiff a sit/stand option. (*See* Def. MSJ Br. at 11). Nothing in the record supports this assertion. To the contrary, the social security rules recognize that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." SSR 83-12, 1983 WL 31253 at *12 (SSA 1983). SSR 83-12 makes clear that an ALJ should consult a vocational expert and elicit testimony to clarify the availability of a sit/stand option for jobs at the unskilled level. *See id.* Thus, the error was not harmless.

Finally, the Commissioner contends that plaintiff waived the right to challenge the defective hypothetical because his attorney failed to cross-examine the vocational expert regarding the need for a sit/stand option. (*See* Def. MSJ Br. at 7). The mere fact that counsel was given an opportunity to ask follow-up questions does not salvage a defective hypothetical as a proper basis for a determination of non-disability. *See Boyd*, 239 F.3d at 707. Where, as here, "the very crux" of the disability decision rests on a vocational expert's answer to a defective hypothetical question, the decision is not supported by substantial evidence. *See Hooker v. Astrue*, No. 3-08-CV-0445-B, 2010 WL 711824 at *3 (N.D. Tex. Mar. 2, 2010).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

SO ORDERED.

DATED: September 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.